## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Mike Elder, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:13-cv-00799-JCC- |
| | ) | TRJ |
| DRS Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Three and one half years after he left the employ of Defendant DRS Technologies, Inc. ("DRS" or the "Company"), over five years since he claims he told the Company about potential fraud, and only after he abandoned his substantive False Claims Act ("FCA") claims, Plaintiff – for the first time – brings a cause of action claiming that he was retaliated against by the Company in violation of 31 U.S.C. § 3730(h). Plaintiff's new § 3730(h) claim fails on multiple grounds. First, his claim is time barred because it was brought well after the two-year statute of limitations expired. Second, his allegation that his deployment into the field was retaliatory is belied by his own assertion that he requested to be sent out to the field. Third, the gap in time of 23 months between his alleged accusations of fraudulent billing and his termination is too great in time to establish the necessary causation to sustain his retaliation claim. In addition, Plaintiff's claim for punitive damages is not an appropriate remedy under § 3730(h) and should be stricken.

For these reasons, Plaintiff's First Amended Complaint ("FAC") should be dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiff initially filed this lawsuit in the United States Court for the Northern District of Alabama on June 15, 2011.  *See* Compl.  His original Complaint only included claims as a *qui tam* plaintiff under 31 U.S.C. § 3729(a)(1)-(3).  *Id*.  On October 9, 2012, the U.S. Department of Justice filed a notice that it was not intervening in the case at that time and asked that the Complaint be unsealed.  *See* Notice of the United States That It Is Not Intervening at This Time.  The Complaint was thereafter unsealed and DRS moved to transfer venue to the United States District Court for the Eastern District of Virginia on April 25, 2013.  *See* Def.'s Opposed Mot. to Transfer Venue ("Mot. to Transfer").  In response to the Motion to Transfer, Plaintiff abandoned his *qui tam* claims and asserted a new claim of retaliation under 31 U.S.C. § 3730(h).[1]  *See* Elder's Resp. in Opp. to Def. DRS Technologies, Inc.'s Mot. to Transfer Venue at 1; FAC.  The U.S. District Court for the Northern District of Alabama subsequently granted the Motion to Transfer and the case was moved to this Court.  *See* Order, June 14, 2013.

## BACKGROUND

Plaintiff was hired by DRS in October 2007 to work as a telecommunications specialist in Afghanistan.  FAC ¶¶ 11-13.  He was working in Afghanistan pursuant to a contract DRS had with the U.S. Army to install telecommunications equipment for the Afghan National Police.[2]  *Id*. ¶¶ 14-15, 33.  Plaintiff alleges he complained to a single "superior," Dan Roelof, in December 2007, that he believed telecommunications specialists were submitting time entries for

---

[1] As Judge Proctor noted, Plaintiff's original complaint "did not include a Section 3730(h) retaliation claim among his causes of action."  Mem. Op. at 1, n.1 (ECF No. 34).

[2] DRS Technical Services, Inc. ("DRS-TSI"), a wholly owned subsidiary of DRS, was the contracting party, not DRS.

more time than they actually worked and those time entries were "<u>potentially</u> illegal"[3] (emphasis added).  *Id*. ¶¶ 37, 38, 50.  At the same time, he requested to be deployed into the field.  *Id*. ¶ 51.  Although Plaintiff claims his superior originally refused to deploy him, Plaintiff admits his request to be deployed was granted "[t]he very next week."  *Id*. ¶¶ 53, 56.  Plaintiff now claims the granting of his request was retaliation for his complaint about overcharging.  *Id*. ¶ 56.  He further claims that two deployments – to Kandahar and Barge Matal – each of which occurred over a year later in 2009, and while he worked for a different supervisor, were also in retaliation for his earlier complaint.  *Id*. ¶¶ 66, 69.  Finally, he claims the termination of his employment in November 2009, was in retaliation for his 2007 complaint.  *Id*. ¶¶ 11, 76-77.

## LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the facts alleged in the light most favorable to Plaintiff.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The Court is not, however, required to accept Plaintiff's legal conclusions drawn from the alleged facts, nor is it required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Id*. (quoting *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th

---

[3] Section 3730(h) gives examples of the types of activity that may qualify as a "protected activity" under the FCA.  These activities include an "investigation for . . . an action filed or to be filed under this section."  31 U.S.C. § 3730(h).  In interpreting this provision, courts have made it clear that not any investigation will suffice.  Rather, the investigation must be one that had a distinct possibility of leading to a viable suit under the FCA.  *See, e.g.*, *Mann v. Heckler & Koch Def., Inc.*, 630 F.3d 338, 344 (4th Cir. 2010) (quoting *Neal v. Honeywell, Inc.*, 33 F.3d 860, 864 (7th Cir. 1994) (the distinct possibility standard can only be met where litigation may be filed legitimately, and excludes situations where "an employee … just imagines fraud but lacks proof.").  Here, Plaintiff appears to allege that only hours worked at the warehouse were chargeable.  FAC ¶ 56.  At the same time, he also alleges the work to be performed occurred outside the warehouse, including in Kabul when "teaching the Afghan police how to use the telecommunications equipment" and "installing radio towers throughout Afghanistan."  *Id*. ¶¶ 14-15.  These inconsistencies demonstrate there was no distinct possibility of successful FCA litigation arising from his claims because Plaintiff's admission that work outside the warehouse was billable undermines the central premise of his theory of fraud.

Cir. 2000)).  A claim should be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Mere recitals of the elements of a claim supported by conclusory statements are wholly insufficient to avoid dismissal of the claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to prevail under 31 U.S.C. § 3730(h), Plaintiff must prove by a preponderance of the evidence that (1) he was engaged in activity protected under the FCA; (2) DRS knew about his protected activity; and (3) as a result, retaliated against him.  *Zahodnick v. IBM Corp.*, 135 F.3d 911, 914 (4th Cir. 1997).

## ARGUMENT

## I.   PLAINTIFF'S § 3730(H) CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Plaintiff's § 3730(h) claim is subject to a two-year statute of limitations but was not filed until almost four years after he last worked for DRS.  It is therefore time barred and should be dismissed with prejudice.

At the time Plaintiff's claim arose, § 3730(h) claims adopted the statute of limitations that applied to the most comparable state law.  *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422 (2005) (refusing to apply the six-year statute of limitations that applies to claims under 31 U.S.C. § 3729, and instead applying "most closely analogous state statute of limitations" to § 3730(h) claims).[4]  Plaintiff's § 3730(h) claim is therefore subject to the statutes of limitation for the most analogous state laws in Virginia which,

---

[4] 31 U.S.C. § 3730(h) was subsequently amended in 2010 as part of the Dodd-Frank reforms to add an explicit three-year statute of limitations.  31 U.S.C. § 3730(h)(3) (2010).  Even were this to apply retroactively, which it does not, Plaintiff's suit would still be barred because it was filed more than three years after the alleged retaliation.

as the Supreme Court in *Graham County* noted, are Va. Code Ann. §§ 8.01-243(A), 8.01-248.[5]

*Graham Cnty.*, 545 U.S. at 419 n.3 (listing the most analogous state laws for each of the 50 states

for statute of limitations purposes).  Both of these Virginia statutes apply a two-year statute of

limitations.  Va. Code Ann. §§ 8.01-243(A) (two-year statute of limitations for actions for

damages caused by fraud), 8.01-248 (two-year statute of limitations for all personal actions

where no other limitation has been prescribed).  Plaintiff's employment was terminated in

November 2009, more than three years before he first brought a cause of action under § 3730(h).

FAC ¶ 11.  The other alleged retaliatory actions are even more remote in time from Plaintiff's

filing of his § 3730(h) claim.  *Id.* ¶¶ 56, 66, 69.  Accordingly, Plaintiff's § 3730(h) claim is

wholly time barred and should be dismissed with prejudice.[6]

## II.   PLAINTIFF'S § 3730(H) CLAIM SHOULD BE DISMISSED BECAUSE HE FAILS TO ALLEGE FACTS SUFFICIENT TO SUSTAIN HIS CLAIM

To establish his *prima facie* case of retaliation pursuant to § 3730(h), Plaintiff must allege

facts sufficient to establish a causal connection between his alleged protected activity and those

actions he is claiming are retaliatory.  *Mann*, 630 F.3d at 343.  Plaintiff's allegations fail to

---

[5] To the extent Plaintiff claims the Court should adopt the statute of limitations of Alabama's most analogous laws, they also have a two-year statute of limitation.  *Graham Cnty.*, 545 U.S. at 419 n.3 (citing Ala. Code § 6-2-38; § 36-26A-4(a)); Ala. Code § 6-2-38 (two-year statute of limitation for torts not otherwise enumerated); Ala. Code § 36-26A-4(a) (two-year statute of limitation for state employee whistleblower claims).

[6] Any contention that Plaintiff's retaliation claim relates back to the claims in his original Complaint under Fed. R. Civ. P. 15 would be incorrect.  As numerous courts have held, a "retaliation claim is a new wrong, distinct from the fraud alleged in the rest of the complaint," and does not relate back to the date of the original *qui tam* complaint.  *United States ex rel. Smart v. Christus Health*, 626 F. Supp. 2d 647, 658 n.12 (S.D. Tex. 2009); *see also, e.g.*, *United States ex rel. Deering v. Physiotherapy Assocs., Inc.*, 601 F. Supp. 2d 368, 377 (D. Mass. 2009) (finding that subsequent retaliation claim did not relate back to the FCA allegations in the original complaint); *United States ex rel. Nichols v. Omni H.C., Inc.*, No. 4:02-cv-66(HL), 2008 WL 906426, at *3 (M.D. Ga. Mar. 31, 2008) (retaliation claim did not relate back to the original complaint because the operative facts surrounding retaliation are entirely different than the operative facts surrounding false claims).

satisfy this element because, according to his own allegations, DRS's actions were not retaliatory and because the gap in time between his alleged protected activity and DRS's actions is too long. Plaintiff's § 3730(h) claim should be dismissed for these additional reasons.

### A.   Plaintiff's Deployment into the Field Cannot Serve as a Basis for His Retaliation Claim

Plaintiff claims he was sent into the field in retaliation for his timekeeping complaint. FAC ¶ 56.  However, as his own allegations and the contract itself make clear, deployment into the field was part of his ordinary "day-to-day responsibilities." *Id.* ¶ 15.[7]  In fact, Plaintiff specifically requested to be deployed into the field. *Id.* ¶ 51.  Granting a plaintiff's request for a change in his conditions of employment is not retaliatory. *See, e.g.*, *Linzer v. Sebelius*, No. 07-cv-0597, 2009 WL 2778269, at *7 (D. Md. Aug. 28, 2009) (dismissing disability retaliation claim as "absurd" and "bel[ying] logic" where claim was based on employer granting requested medical accommodation); *Hayman v. Potter*, 598 F. Supp. 2d 904, 911 (N.D. Ind. 2009) (dismissing retaliation action in part because plaintiff had requested the new assignment that he subsequently claimed was retaliatory).  Therefore, Plaintiff's deployment to the field was not retaliatory and cannot serve as a basis for his § 3730(h) claim.

### B.   Plaintiff Fails to Show the Requisite Causal Connection Between His Alleged Complaints About Fraudulent Timekeeping and the Alleged Retaliatory Acts

Because his requested deployment to the field was not, and cannot be, retaliatory, Plaintiff's only remaining alleged retaliatory action is the termination of his employment.  But his termination occurred 23 months after he allegedly complained to his superior.  This gap in time between the two events destroys any causal connection between the two.  As such, he fails to state a claim upon which relief may be granted.

---

[7] The government, not DRS, of course, determined the locations of deployments.

Plaintiff raised his timekeeping complaint in December 2007.  FAC ¶ 50.  His employment was not terminated until November 2009.  *Id.* ¶ 11.  In short, there is no causal connection between the two events and his § 3730(h) claim should be dismissed with prejudice.[8] *Liburd v. Bronx Lebanon Hosp. Ctr.*, No. 07-cv-11316, 2009 WL 900739, at *11 (S.D.N.Y. Apr. 3, 2009) (plaintiff failed to demonstrate temporal proximity in her § 3730(h) claim when she was terminated nearly seven months after her allegedly protected activity); *United States ex rel. Carpenter v. S&K Techs., Inc.*, No. 5:08-cv-287, 2011 WL 3664415, at *12 (M.D. Ga. Aug. 19, 2011) (noting in a § 3730(h) case that a three to four month gap between alleged protected activity and  retaliatory conduct fails to create the requisite causal link to sustain claim); *see also Clark Ctny. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing approvingly Court of Appeals decisions finding that three or four month periods between protected activity and allegedly retaliatory conduct are insufficient to establish the causal link necessary for Title VII retaliation claims); *Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012) (noting the Fourth Circuit has previously held a three to four month gap in temporal proximity is insufficient to create a causal connection); *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (even a mere ten-week separation between the protected activity and termination "is sufficiently long so as to weaken significantly the inference of causation between the two events"); *Shields v. Fed. Express Corp.*, 120 F. App'x 956, 962 (4th Cir. 2005) (holding that a four month gap between protected activity and adverse employment action, alone, cannot establish a causal link for a prima facie case of retaliation); *Hart v. Hanover Cnty. Sch. Bd.*, No. 3:10-cv-794, 2011 WL

---

[8] To the extent Plaintiff claims his later deployments to Kandahar and Barge Matal were in retaliation for his December 2007 complaint, those deployments also fail to create the necessary causal connection because they occurred in 2009 – well over a year after Plaintiff voiced his complaint.  FAC ¶¶ 66, 69 (noting he was deployed to Kandahar in 2009 and later to Barge Matal).

652524, at *3 (E.D. Va. Feb. 11, 2011) (granting motion to dismiss where lapse of more than one year was insufficient to prove causation in Fair Labor Standards Act retaliation action).[9]

## III. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED AS AN INAPPROPRIATE REMEDY UNDER § 3730(H)

Plaintiff seeks punitive damages as a remedy for his § 3730(h) claim. FAC ¶ 91. However, punitive damages are not among the remedies available for a § 3730(h) claim. 31 U.S.C. § 3730(h)(2); *Leggins v. Orlando Hous. Auth.*, No. 6:13-cv-232-Orl-37DAB, 2013 WL 937739, at *3 (M.D. Fla. Mar. 11, 2013) (noting that the absence of punitive damages in Section 3730(h) was intentional, and that punitive damages are not available); *United States ex rel. Satalich v. City of Los Angeles*, 160 F. Supp. 2d 1092, 1095 (C.D. Cal. 2001); *Neal v. Honeywell, Inc.*, 995 F. Supp. 889, 895-98 (N.D. Ill. 1998) (finding that punitive damages are unavailable under the anti-retaliation section of the False Claims Act); *Hammond v. Northland Counseling Ctr., Inc.*, No. CIV.5-96-353MJD/RLE, 1998 WL 315333, at *3-6 (D. Minn. Feb. 27, 1998) (same). Therefore, Plaintiff's claim for punitive damages should also be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's First Amended Complaint should be dismissed in its entirety with prejudice. His retaliation claim was brought more than three years after his employment with DRS concluded, well beyond the two-year statute of limitations period passed. Moreover, Plaintiff's claim fails to state a claim upon which relief can be granted because he cannot establish the requisite causal connection between his purported protected activity and his deployment to the field or release from the company. Plaintiff asked to be deployed to the field

---

[9] The lack of a causal connection is made even clearer in this case by Plaintiff's own statement that DRS was responsive to his purported complaints – a far cry from the actions of a company bent on retaliation. *See* FAC ¶ 45 ("After Elder's many complaints … DRS's policy changed to allow Friday as a regular work day… .").

– a request that DRS granted.  Plaintiff's release from the company occurred two years after he allegedly complained about fraudulent billing practices, a gap in temporal proximity that cannot create a causal connection.  Further, to the extent Plaintiff's § 3730(h) claim survives dismissal, his demand for punitive damages should be dismissed with prejudice.


DATED: July 31, 2013                        Respectfully submitted,


                                            _____/s/  David O'Brien_____
                                            David W. O'Brien (VSB # 14924)
                                            Andy Liu (*pro hac vice*)
                                            CROWELL & MORING LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C.  20004-2595
                                            Telephone:  202-624-2500
                                            Facsimile:  202-628-5116
                                            Email:  dobrien@crowell.com

                                            COUNSEL FOR DEFENDANT
                                            DRS TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

to the registered participants as identified on the Notice of Electronic Filing (NEF), and also

delivered the foregoing by hand-delivery to the following counsel:


James Moncus, III
HARE, WYNN, NEWELL *&* NEWTON, LLP
2025 Third Avenue North, Suite 800
Birmingham, AL 35203
Telephone: 205-328-5330
Facsimile: 205-324-2165
Email: jamie@hwnn.com

Gerard J. Mene
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
Telephone: 703-299-3700
Email: Gerard.Mene@usdoj.gov

    /s/   David W. O'Brien
David W. O'Brien (VSB # 14924)
Andy Liu (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email:  dobrien@crowell.com

COUNSEL FOR DEFENDANT
DRS TECHNOLOGIES, INC.