**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| Mike Elder, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:13-cv-00799-JCC- |
| | ) TRJ |
| DRS Technologies, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Opposition")

conveniently ignores a number of relevant factual and legal issues that render his § 3730(h)

claim ripe for dismissal.

First, Plaintiff's citations to a handful of disjointed allegations that appear in both the

Complaint and First Amended Complaint ("FAC") are insufficient to show he properly pled his §

3730(h) claim in the original Complaint. As Judge Proctor has already noted, Plaintiff's original

complaint "did not include a Section 3730(h) retaliation claim among his causes of action."

Second, Plaintiff fails to cite a single case wherein an otherwise untimely § 3730(h)

claim was found to relate back to an original substantive False Claims Act ("FCA") claim.

Instead, he argues that the retaliation arose out of the same conduct, transaction or occurrence as

the underlying alleged fraud. In doing so, however, he ignores the fundamental difference

between a substantive FCA claim and a § 3730(h) claim that is repeatedly cited by courts

denying relation back on § 3730(h) claims.

Third, Plaintiff's attempt to create the necessary causal connection between his alleged

protected activity and his alleged retaliatory discharge falls well short of establishing that essential link.  Not only does Plaintiff ignore that *he requested* to be deployed into the field, the "facts" he contends are direct evidence of retaliation fail to meet the high standards set by courts for constituting such evidence.  As such, he must instead rely solely on an inference of causation based on temporal proximity between the alleged protected activity and the alleged retaliation. No such inference can be drawn however because the nearly two-year gap in time between the alleged events destroys any such connection.  Courts, including this very Court, have granted motions to dismiss retaliation claims with time gaps shorter than pled by Plaintiff.

In short, Plaintiff's Opposition merely confirms that his § 3730(h) claim should be dismissed with prejudice.

## I.      PLAINTIFF FAILED TO STATE A 3730(h) CAUSE OF ACTION IN HIS ORIGINAL COMPLAINT

Plaintiff's attempt to claim now for the first time – almost four years after he was terminated – that his original Complaint, which is 27 pages long and contains nearly 150 numbered or lettered paragraphs, states a § 3730(h) claim is a disingenuous attempt to save his otherwise barred claim.  Instead, Plaintiff's original Complaint is clearly focused on his substantive FCA claims that he has now abandoned.  Indeed, Section VII of his original Complaint includes three centered, bolded and capitalized "**CAUSE[S] OF ACTION**," which allege violations of 31 U.S.C. § 3729(a)(1), (a)(2) and (a)(3).  There is no cause of action alleging a violation of § 3730(h).  A few passing references to retaliation are insufficient to satisfy the pleading standards of Fed. R. Civ. P. 8.

Plaintiff claims in his Opposition that DRS twisted the facts alleged in his original Complaint and FAC, but a review of the Opposition demonstrates that Plaintiff is the one guilty of this behavior.  In support of his assertion that he properly alleged a § 3730(h) claim in his

original Complaint, Plaintiff combines a handful of random allegations in his Opposition that are not sequentially presented in his original Complaint and claims they present a cohesive statement of facts in support of a § 3730(h) claim.  Opp'n at 5-6.  In fact, these allegations are buried in the original Complaint among the over 130 other paragraphs that are focused exclusively on trying to support his now withdrawn three causes of action arising under § 3729.  *See* Compl.  They are so buried, in fact, that Judge Proctor rightly concluded that Plaintiff "did not include a Section 3730(h) retaliation claim among his causes of action" in his original Complaint.  Mem. Op., June 14, 2013, at n.1 [ECF No. 34].

"Courts (and defendants) should not be forced to sift through a complaint in a search for a cause of action."  *Clendenin v. Wells Fargo Bank, N.A.*, No. 2:09-cv-00557, 2009 WL 4263506, at *3-4 (S.D.W. Va. Nov. 24, 2009); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that a complaint must provide a defendant with fair notice what claim is being asserted in the complaint as well as the factual allegations upon which the claim is based).  In short, the original Complaint does not contain a "short and plain statement of the [3730(h)] claim" and Plaintiff's attempt to rewrite it in his Opposition  does not convert the Complaint into one that is compliant with Rule 8 or one that otherwise states a § 3730(h) cause of action.[1]  *See Glover v. FDIC*, 698 F.3d 139, 148 (3d Cir. 2012) ("the Federal Rules do not

---

[1] *See also Tou Ger Lo v. Emery Corp.*, No. 1:12cv176, 2012 WL 6772115, at *3 (W.D.N.C. Dec. 11, 2012) (plaintiff's discrimination claim was dismissed because he failed to identify which cause of action he was pursuing, and the court noted that "[a]t a bare minimum, Plaintiff must set forth in the Complaint what specific federal claim he is asserting, as well as the factual allegations supporting each of the elements for such a claim"); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *3 (D.N.J. Apr. 1, 2013) (the complaint was dismissed because it contained "many detailed factual allegations which may sufficiently support elements of its claims, but neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims"); *Wilson v. City of Lafayette*, No. 07-cv-01844, 2008 WL 4197742, at *13 (D.

(continued…)

3

place the onus on the defendant to piece together the disparate fragments of a disjointed

complaint to distill the essence of a claim").

## II. PLAINTIFF'S § 3730(h) CLAIM IS DISTINCT FROM HIS SUBSTANTIVE FCA CLAIM AND DOES NOT RELATE BACK TO THE FILING OF HIS ORIGINAL COMPLAINT

Plaintiff's argument that his otherwise time-barred § 3730(h) claim should be saved by

the relation back doctrine ignores relevant case law and the fundamental differences between

retaliation and substantive FCA claims. In fact, Plaintiff does not cite a single case in which a

court held that the relation back doctrine saved an untimely filed § 3730(h) claim.[2] Every court

that has considered this issue refused to find a later-filed § 3730(h) claim relates back to the

original substantive FCA claim. *See, e.g., United States ex rel. Deering v. Physiotherapy

Assocs.*, 601 F. Supp. 2d 368, 377 (D. Mass. 2009) (finding that subsequent retaliation claim did

not relate back to the substantive FCA allegations in the original complaint); *United States ex rel.

Smart v. Christus Health*, 626 F. Supp. 2d 647, 658 n.12 (S.D. Tex. 2009) (the "retaliation claim

is a new wrong, distinct from the fraud alleged in the rest of the complaint," and does not relate

---

(continued…)

Colo. Sep. 10, 2008) (dismissing plaintiff's conspiracy claim because "[g]iving a defendant proper notice of the claims it faces requires more than the unorganized recitation of facts that could possibly lead one to conjure up a claim on Plaintiff's behalf").

[2] Plaintiff cites to *United States ex rel. Repko v. Guthrie Clinic, P.C.*, 557 F. Supp. 2d 522, 530 (M.D. Pa. 2008), *United States v. Omnicare, Inc.*, No. 07-C-577, 2011 WL 1059148, at *7 (N.D. Ill. Mar. 21, 2011) and *United States ex rel. Cericola v. Federal National Mortgage Association*, 529 F. Supp. 2d 1139, 1150 (C.D. Cal. 2007) in support of his argument that relation back under Fed. R. Civ. P. 15(c)(1)(B) has been applied in FCA cases. Opp'n at 11-12. In these cases, the otherwise untimely claims that related back to the original complaint were substantive FCA claims, not § 3730(h) claims. *Omnicare, Inc.*, 2011 WL 1059148, at *6-7 (allowing relation back of substantive false claims allegations under state law equivalent to federal FCA); *United States ex rel. Cericola*, 529 F. Supp. 2d at 1148-49 (allowing relation back to add to substantive FCA claims); *United States ex rel. Repko*, 557 F. Supp. 2d at 524 (same). In fact, in *Repko*, the court dismissed relator's attempted addition of a § 3730(h) claim as time barred. *United States ex. rel. Repko*, 557 F. Supp. 2d at 528-29.

4

back to the date of the original complaint); *United States ex rel. Nichols v. Omni H.C., Inc.*, No.

4:02-cv-66(HL), 2008 WL 906426, at *3 (M.D. Ga. Mar. 31, 2008).  As the *Nichols* court noted:

> A party moving under § 3730(h), as Nichols is here, can succeed
> even if his employer never engaged in any fraudulent activity. *See
> Graham,* 545 U.S. at 415 n. 1, 125 S.Ct. at 2449 n. 1 (noting "that
> proving a violation of § 3279 is not an element of a § 3730(h)
> cause of action"). Rather, the success of a claim under § 3730(h)
> turns on whether the employee can show that his employer
> discriminated against the terms and conditions of his employment
> "because of lawful acts done by the employee on behalf of the
> employee or others in furtherance of an action under this section."
> 31 U.S.C.A. § 3730(h) (West 2002)…Thus, the operative facts in a
> retaliatory discharge claim center around the employee,
> his employment history, and his conduct vis-à-vis his employer rather
> than the employer's allegedly fraudulent conduct vis-à-vis the
> Government...The validity of Nichols' allegations as to the patient
> billing practices, as pleaded in the original complaint, are not
> necessary to a determination as to Nichols' new allegations
> pertaining to the lawfulness of Defendants' conduct toward him as
> an employee. As a result, there is not a common "core of operative
> facts" uniting the original and newly asserted claims, and Nichols'
> retaliatory discharge claims do not relate back to the original
> complaint. Defendants' Motion to Dismiss is granted with respect
> to the retaliatory discharge claim set forth in Nichols' Recast
> Second Amended Complaint.

*United States ex rel. Nichols*, 2008 WL 906426, at *3.  Because Plaintiff's original Complaint

contained only causes of action under 31 U.S.C. §§ 3929(a)(1)-(3), the core of operative facts

supporting that Complaint were his allegations that DRS submitted false claims for payment for

hours worked by various employees that Plaintiff claims were not actually worked.  Compl. ¶¶

68(a)-(uu).  These facts have been stripped from the FAC and Plaintiff now asserts a different set

of facts are the "core operative facts" supporting his new § 3730(h) claim.  Opp'n at 5-7.  These

new facts focus not on whether DRS submitted any false claims for payment, but instead on

DRS's alleged mistreatment of Plaintiff.

These new "core operative facts" also fail to support Plaintiff's § 3730(h) claim because

he admits that when he complained about overcharging, two things happened – he was allowed

to work on Friday, and out in the field, as he had requested.  FAC ¶¶ 45, 51, 56.  Granting these requests is not retaliatory under any scenario.  Thus, these allegations – buried in a complaint filed under seal and unsupportive of his claim – hardly provide DRS with the sort of notice of the allegations required by Fed. R. Civ. P. 15(c)(1)(B).[3]  As a result, Plaintiff's newly alleged § 3730(h) claim does not relate back to his original substantive FCA claims and the allegations contained in his FAC are time barred.

### III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER § 3730(h) BECAUSE HE DOES NOT ALLEGE FACTS SUFFICIENT TO ESTABLISH THE REQUISITE CAUSAL CONNECTION

Plaintiff suggests in his Opposition that the issue of whether the complaint adequately alleges a causal connection between the alleged protected activity and those actions he is claiming are retaliatory cannot be determined at the motion to dismiss stage.  Moreover, he contends that the fact that most (though not all) of the cases DRS cited in support of its lack of temporal proximity argument were decided at the motion for summary judgment stage somehow undercuts DRS's assertion that Plaintiff fails to state a claim pursuant to FRCP 12(b)(6).  Opp'n at 18 n.3. Plaintiff's contention, however, is belied by the case law.  This Court, and a number of other district courts in the Fourth Circuit, have dismissed retaliation claims like Plaintiff's at this early stage where there is no temporal proximity between the alleged protected activity and the alleged retaliation.  *Adkins v. Fairfax Cnty. Sch. Bd.*, No. 1:08cv91, 2008 WL 2076654, at *6 (E.D. Va. May 15, 2008) (Cacheris, J.); *Hart v. Hanover Cnty. Sch. Bd.*, No. 3:10-cv-794, 2013 WL 1867388, at *4-5 (E.D. Va. May 2, 2013) (reaffirming earlier grant of motion to dismiss

---

[3] Plaintiff's assertion that DRS had sufficient notice of his § 3730(h) claim during the applicable statute of limitations period is simply wrong.  Opp'n at 13.  Because Plaintiff's original Complaint was sealed until December 2012, DRS had no notice of any of Plaintiff's allegations until more than three years after he was terminated – well after the statute of limitations on his § 3730(h) claim had run.  *See* Order unsealing the original Complaint, Dec. 7, 2012 [ECF No. 11].

where lapse of more than one year was insufficient to prove causation in Fair Labor Standards Act retaliation action); *Crockett v. SRA Int'l*, No. 8:13–cv–00261–AW, 2013 WL 1856447, at *8 (D. Md. May 1, 2013) (granting motion to dismiss for failure to allege causal connection where alleged protected activity occurred 17 months before alleged retaliation).

In *Adkins*, this Court granted the defendant's motion to dismiss plaintiff's retaliation claim where only two months elapsed between the alleged protected activity and alleged retaliation. 2008 WL 2076654, at *6. In so doing, the Court noted that "large temporal gaps, without other evidence, are insufficient to establish an inference of causation between the adverse employment action and the protected activity." *Id.* Here, as Plaintiff's Opposition demonstrates, the FAC fails to plead the requisite evidence of a causal connection to survive dismissal.

A.   **Plaintiff's Assertion that the FAC Presents Direct Evidence of Retaliation by DRS Lacks Any Basis in Fact or Law**

Although Plaintiff claims he alleged direct evidence of retaliation and thereby avoids having to prove a causal connection through temporal proximity, his "evidence" falls well short of meeting the direct evidence standard. Proving direct evidence requires alleging facts that show the employer "announced, or admitted, or otherwise unmistakably indicated that [an improper consideration] was a determining factor" in the employment decision at issue. *Marlow v. Chesterfield Cnty. Sch. Bd.*, 749 F. Supp. 2d 417, 427 (E.D. Va. 2010) (citing *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 485 (4th Cir. 1982)). Such evidence includes allegations like that plaintiff's supervisor called plaintiff's harassment complaint "'total bullshit,' threw it in the garbage can, told her to leave, and said he never wanted to see her again." *Young-Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912 (8th Cir. 2011). Similarly, a statement by defendant's president to plaintiff that "[y]our deposition was the most damning to Dillard's case,

and you no longer have a place here at Dillard Paper Company" was direct evidence of retaliation. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1190 (11th Cir. 1997). Plaintiff's FAC is devoid of any allegations that come remotely close to meeting this threshold. *See also Glynn v. Impact Sci. & Tech., Inc.*, 807 F. Supp. 2d 391, 416 (D. Md. 2011) (comments from various supervisors and managers that they were "upset," "frustrated," and "angry" that the plaintiff reported concerns to the government *did not* constitute direct evidence of retaliation under § 3730(h)).

In support of his contention that the FAC includes direct evidence of retaliation, Plaintiff points to paragraphs 9 through 12 of the FAC. Opp'n at 17. Paragraphs 9 through 12 allege as follows:

> 9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant, DRS Technologies, Inc., resides, can be found, or transacts business in this Judicial District.

> 10. Mike Elder is a citizen of the United States and of the State of Alabama and is a resident of Cragford, Alabama.

> 11. Elder was employed by Defendant, DRS Technologies, Inc., from October 22, 2007, until November 9, 2009.

> 12. Elder was physically located in Afghanistan from November 2007 until he was sent home in October 2009, and then he subsequently was terminated for retaliatory reasons, in violation of subsection 3730(h) of the Act.

None of these paragraphs qualify as the sort of obvious retaliatory statements by a defendant that is necessary to establish direct evidence.

Additionally, although he conflates his arguments about direct evidence and temporal proximity, Plaintiff appears to argue that being sent into the field constitutes direct evidence of retaliation. Opp'n at 18. Plaintiff, however, does not (and cannot) dispute that he *requested* to be sent into the field. FAC ¶¶ 14-15 (noting that a DRS telecommunications specialist was

expected to work in the field); ¶ 51 (admitting he specifically requested to be sent into the field).

Thus, DRS granting that request is not direct evidence of retaliation, or even retaliatory at all.

*See, e.g.*, *Linzer v. Sebelius*, No. 07-cv-0597, 2009 WL 2778269, at *7 (D. Md. Aug. 28, 2009)

(dismissing disability retaliation claim as "absurd" and "bel[ying] logic" where claim was based

on employer granting requested medical accommodation); *Hayman v. Potter*, 598 F. Supp. 2d

904, 911 (N.D. Ind. 2009) (dismissing retaliation action in part because plaintiff had requested

the new assignment that he subsequently claimed was retaliatory). In short, Plaintiff offers no

direct evidence of any retaliatory action by DRS and must allege facts sufficient to establish a

plausible causal connection.

> **B.** **Plaintiff's Opposition Confirms That His FAC Lacks Any Facts To Establish The Necessary Temporal Proximity Between His Alleged Protected Activity And DRS's Alleged Retaliatory Acts**

As Plaintiff concedes in his Opposition, without any direct evidence of DRS's alleged

retaliation against him, he must rely on temporal proximity between his alleged protected activity

and the alleged retaliatory acts to establish a prima facie § 3730(h) claim. Opp'n at 16-17 (and

cases cited therein). However, Plaintiff's only alleged protected activity occurred in late 2007

and he was not terminated until November 2009. FAC ¶¶ 11, 50. That gap of almost two years

is simply too long to establish the necessary temporal proximity. *See supra*, at 6 (and cases cited

therein).

Plaintiff's Opposition identifies a single example of supposed temporal proximity –

"Notwithstanding Roelof's statement that Elder was not qualified to be deployed to the field, **the**

**very next week** Elder was deployed to eastern Afghanistan." Opp'n at 18. Plaintiff's argument

fails, however, not only because Elder *asked* to be sent to the field, but because the alleged

incident supposedly occurred in late 2007 or early 2008 and is therefore time barred. FAC ¶¶

50-56. Plaintiff concedes that a two-year statute of limitations applies to his § 3730(h) claim.

9

Opp'n at 9.  Thus, if the Court finds that his entire § 3730(h) claim is not time barred, any alleged retaliatory actions that took place prior to June 26, 2009 – two years before he filed his original Complaint – are time barred.

Accordingly, Plaintiff fails to state a prima facie case of retaliation under § 3730(h) and his FAC should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above and in DRS's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff's First Amended Complaint should be dismissed with prejudice as time barred and because he failed to allege any facts necessary to show the requisite causal connection between his alleged protected activity and the alleged retaliation by DRS.

DATED: August 19, 2013                     Respectfully submitted,


                                           _____/s/  David O'Brien_____
                                           David W. O'Brien (VSB # 14924)
                                           Andy Liu (*pro hac vice*)
                                           CROWELL & MORING LLP
                                           1001 Pennsylvania Avenue, N.W.
                                           Washington, D.C.  20004-2595
                                           Telephone:  202-624-2500
                                           Facsimile:  202-628-5116
                                           Email:  dobrien@crowell.com

                                           COUNSEL FOR DEFENDANT
                                           DRS TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of August, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

to the registered participants as identified on the Notice of Electronic Filing (NEF) to the

following counsel:

James Moncus, III
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North, Suite 800
Birmingham, AL 35203
Telephone: 205-328-5330
Facsimile: 205-324-2165
Email: jamie@hwnn.com

Gerard J. Mene
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
Telephone: 703-299-3700
Email: Gerard.Mene@usdoj.gov

Ryan P. Quinn
SLOCUMB LAW FIRM, LLC
777 6th St, NW, Suite 200
Washington, DC 20001
Telephone: (202) 737-4141
Facsimile: (202) 589-0222
Email: rquinn@slocumblaw.com

J. Andrew Baxter
Law Office of J. Andrew Baxter
7107 Hickory Hill Road
Falls Church, VA 22042
Telephone: (202) 758-5778
Facsimile: (703) 778-0369
Email: baxterlawfirm@gmail.com

     /s/    David W. O'Brien
David W. O'Brien (VSB # 14924)
Andy Liu (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email:  dobrien@crowell.com

COUNSEL FOR DEFENDANT
DRS TECHNOLOGIES, INC.